UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL EUGENE WILSON, JR., <br><br> Petitioner, <br><br> v. <br><br> P. THOMPSON, Warden, FCI-Herlong, <br><br> Respondent. | No. 2:20-cv-1294 JAM KJN P <br><br> ORDER AND AMENDED FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner, proceeds pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. On April 6, 2021, the undersigned issued findings and recommendations recommending that respondent's motion to dismiss be granted. Petitioner filed objections. Due to a typographical error, and additional information obtained from the sentencing court docket, the prior findings and recommendations are vacated.[1] As set forth below, the undersigned again recommends that the petition be dismissed for lack of jurisdiction.

I. Background

Following jury trial, petitioner was convicted on June 1, 2001, as charged: Count 1 - Conspiracy, 18 U.S.C. § 371; Count 2 - Armed bank robbery, 18 U.S.C. § 2113; Count 3 - Using

---

[1] The phrase "as petitioner does here" should not have been included in the section explaining jurisdiction. (ECF No. 14 at 3.) As discussed below, subsequent review of the sentencing court docket reveals that petitioner already sought, and was denied, the relief he seeks in this action.

1

or Carrying a firearm, 18 U.S.C. § 924(c); Count 4 Armed bank robbery, 18 U.S.C. § 2113; and Count 5 - Using or carrying a firearm, 18 U.S.C. § 924(c). United States v. Wilson, No. CR-00-01025-NM (C.D. Cal.) (ECF No. 132).[2] On September 17, 2001, he was sentenced to federal prison for the following: count one - 60 months, count two - 262 months, count three - 84 months, count four - 262 months, and count five - 300 months. Id. (ECF No. 174.) Counts one, two, and four were concurrent terms (sum of 262 months), and counts three and five were consecutive terms (sum of 384 months), for a total term of incarceration of 646 months (custody of 262 plus 384 months). Id. The sentencing court also ordered petitioner to pay a $100.00 special assessment for every conviction (five counts x $100 = $500.00) under 18 U.S.C. § 3013. Wilson, No. CR-00-1025 NM (ECF No. 174) ("Defendant is ordered to pay a special assessment of $500.00."). Petitioner was represented by counsel at trial and at sentencing.

On February 23, 2005, petitioner filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Wilson v. United States, No. CV 05-1367 NM (C.D. Cal.). On June 23, 2005, the § 2255 motion was denied on the merits. Id. (ECF No. 7.) On June 25, 2014, petitioner filed a second pro se § 2255 motion, which was dismissed as successive on October 14, 2014. Id. (ECF Nos. 13, 21.)

On November 20, 2015, petitioner filed a third pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Wilson v. United States, No. 2:15-cv-10025-JFW (C.D. Cal.). The Ninth Circuit granted authorization to file a second or successive motion. Id. (ECF No. 2.) The Central District Court granted the government's motion to dismiss, and found that petitioner's conviction for robbery under California Penal Code § 211 is categorically a "crime of violence," and was properly used to determine that petitioner was a career offender. Id. (ECF No. 43.)

On September 26, 2019, petitioner filed a Rule 36 request in the Central District of California, alleging that special assessments were wrongfully imposed for two of his five counts

---

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

2

of conviction constituting multiple punishments, and asking the sentencing court to reduce the special assessments from $500.00 to $300.00, and to reimburse petitioner the overpaid sum of $200.00. Wilson, Case No. 2:00-cr-01025 JFW (ECF No. 357 at 4-5.) Petitioner relied on Rutledge v. United States, 517 U.S. 292 (1996). Case No. 2:00-cr-01025 JFW (ECF No. 357 at 5.) The sentencing court denied petitioner's motion without comment. Id. (ECF No. 360.)

II. The Instant Petition

Petitioner alleges that the Central District of California wrongfully imposed special assessments for two of his five counts of conviction, improperly ordering special assessments for his three concurrent custodial sentences. Petitioner argues that when the special assessment was imposed twice for the same act, it is a collateral consequence imposing an "impermissible double punishment." (ECF No. 1 at 7.) As relief, petitioner asks for reimbursement of the $200.00 overpaid assessment, and to "correct the judgment/record." (ECF No. 1 at 8.)

III. Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A federal prisoner who challenges the validity or constitutionality of his underlying conviction must file a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988); Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162.

On the other hand, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence, must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000); see also Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). Section 2241 is the vehicle for challenging the BOP's application or calculation of the sentence imposed by the district court, including any credit it

applies for presentence detention. <u>Fraley v. U.S. Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993).

In any event, an exception to the general rule, known as the § 2255(e) "escape hatch," permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" <u>Hernandez</u>, 204 F.3d at 864-65 (quoting § 2255(e)). "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012); <u>see</u> 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. <u>Ivy</u>, 328 F.3d at 1059 (ban on unauthorized or successive petitions does not per se make § 2255 inadequate or ineffective); <u>Aronson v. May</u>, 85 S. Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.).

The Ninth Circuit has held that § 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241 when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an 'unobstructed procedural shot' at presenting the claim. <u>Harrison</u>, 519 F.3d at 959; <u>Stephens</u>, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. <u>Ivy</u>, 328 F.3d at 1060.

<u>Discussion</u>

Petitioner claims that two of the special assessments included in the criminal judgment were imposed in error, challenging the sentence imposed by the court in the Central District. Because such claim involves the validity and constitutionality of his sentence, the claim must be raised in the Central District of California where petitioner was convicted. <u>Stephens</u>, 464 F.3d at 897.

Petitioner has not met his burden to show he qualifies for the escape hatch clause of § 2255(e). Petitioner makes no claim or showing of actual innocence. Harrison, 519 F.3d at 956 (actual innocence means factual innocence, not mere legal insufficiency). Petitioner fails to demonstrate he was deprived of an opportunity to present such claim to the sentencing court. Indeed, petitioner already raised such claim in a Rule 36 request, which the sentencing court denied.

In his opposition, petitioner argues that he could not include such claim in his initial § 2255 motion because he was "denied effective assistance of counsel on collateral review." (ECF No. 13 at 6.) However, petitioner was not represented by counsel when he filed his initial § 2255. Wilson, No. 2:05-cv-01367-JFW. Moreover, his initial pro se § 2255 motion raised multiple claims, and petitioner includes no facts demonstrating why he could not include the instant claim in the § 2255 motion.[3]

Therefore, petitioner is not eligible for the "escape hatch" of § 2241, and the petition should be dismissed for lack of jurisdiction.

IV. Transfer?

The undersigned considered whether this action should be transferred to the sentencing court rather than dismissed. See 28 U.S.C. § 1631. Transfer is appropriate under Section 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) ("The federal transfer statute is applicable in habeas proceedings.").

The undersigned declines to recommend transfer to the Central District of California. First, the sentencing court already denied petitioner's requested relief. Second, as set forth above, petitioner previously filed § 2255 motions in the sentencing court. Petitioner must first obtain authorization from the Ninth Circuit Court of Appeals to file a second or successive motion. See

---

[3] Moreover, petitioner is not entitled to counsel on collateral review. See Pennsylvania v. Finely, 481 U.S. 551, 555 (1987) (no right to counsel on collateral review).

28 U.S.C. § 2255(h); United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) ("[a] petitioner is generally limited to one motion under § 2255"). Therefore, the instant petition should be dismissed rather than transferred.

In accordance with the above, IT IS HEREBY ORDERED that the April 6, 2021 findings and recommendations (ECF No. 14) are vacated.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 8) be granted; and

2. The § 2241 petition be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.[4] Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2021

/wils2241.mtd..2241.r

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).